1

2

3

4

5

6

7

8                       United States District Court

9                      Eastern District of California

10

11

12  Jose A. Soto,

13          Petitioner,                No. Civ. S 04-2122 MCE PAN P

14      vs.                            Order

15  D. Adams, Warden,

16          Respondent.

17                              -oOo-

18      Petitioner requests appointment of counsel on the grounds he

19  is indigent and lacks legal training and the law is complex.

20      There is no absolute right to appointment of counsel in

21  habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th

22  Cir. 1996).  However, whenever the court determines the interests

23  of justice so require, representation may be provided for any

24  financially eligible person who is seeking relief under section

25  18 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  Unless an

26  evidentiary hearing is necessary, the decision to appoint counsel

is discretionary.  Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984); Rule 8(c), Rules Governing § 2254 Cases.

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity.  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981).  As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact and law.  Id.  Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the petitioner's possession, viz., they do not require investigation outside the prison walls.  Id. at 887-88.

Here, petitioner alleges (1) the evidence was insufficient to convict; (2) the trial court erred in refusing to instruct the jury on the definition of fear and the prosecution's burden of proof on that element; (3) admission of prior sex offenses violated due process and diluted the state's burden of proof; (4) instructing the jury that if they found petitioner previously committed a sexual offense they could infer he had a disposition

1   to commit such offenses violated due process; and (5) the trial

2   court erred by instructing the jury for sentencing purposes that

3   it could find petitioner tied or bound a victim if it found

4   petitioner either restricted her movement or deprived one or more

5   of her senses.   The law governing these issues is settled.

6   Neither factual development nor legal insight are required

7   because these proceedings are limited to claims that already were

8   identified and presented to the California Supreme Court.   There

9   is, on the record before the court, no reason to believe

10   appointment of counsel would be of significant benefit.

11      Petitioner's September 21, 2004, request for the

12   appointment of counsel therefore is denied.

13      So ordered.

14      Dated:  June 2, 2005.

15                         /s/ Peter A. Nowinski

16                         PETER A. NOWINSKI
                          Magistrate Judge

17

18

19

20

21

22

23

24

25

26