IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ALFREDO SOTO,

    Petitioner,                      No. CIV S-04-2122 MCE PAN P

    vs.

DARREL G. ADAMS, Warden,

    Respondent.                  ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court has found that petitioner has failed to present his second or fifth claims[1] to the California Supreme Court. (See April 13, 2005 Findings and Recommendations at 3; June 2, 2005 Order.)

        On July 25, 2005, petitioner filed a motion for stay and an amended petition raising only three claims and omitting claims two and five from the original petition. On November 23, 2005, petitioner's motion to stay was denied without prejudice to its refiling because it appeared another inmate was filing a document on petitioner's behalf in violation of Local Rule 83-183(a).

---

[1] The two claims are: (2) the trial court erred in refusing to instruct the jury on the definition of fear and the prosecution's burden of proof on that element (claim two) and (5) the trial court erred by instructing the jury for sentencing purposes that it could find petitioner tied or bound a victim if it found petitioner either restricted her movement or deprived one or more of her senses (claim five). (April 13, 2005 Findings and Recommendations at 3.)

1  Petitioner has now filed a motion to stay and a request for abeyance explaining
2  that he had sought the assistance of a fellow prisoner, Daniel J. Lang, who inadvertently referred
3  to himself in the first person, thus giving the court the impression that petitioner was being
4  represented by another inmate. Petitioner points out that Mr. Lang did not sign the documents
5  nor overtly attempt to represent petitioner. Good cause appearing, the court finds that petitioner
6  has ratified the statements contained in the July 25, 2005 motion to stay and would consider
7  those statements in ruling on the renewed motion to stay.
8  However, in his amended petition, petitioner noted he was preparing a petition for
9  a writ of habeas corpus to exhaust two issues in the California Supreme Court. (Amended
10 Petition at 3.) The court has viewed the website for the California Supreme Court[2] which states
11 petitioner filed his petition for writ of habeas corpus on August 31, 2005 but the petition was
12 resolved on June 14, 2006. A court may take judicial notice of court records. See MGIC Indem.
13 Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119
14 (9th Cir. 1980).
15 In light of this information, it appears petitioner may have exhausted his state
16 remedies and a stay may not be necessary. In an abundance of caution, petitioner's motion to
17 stay will be denied without prejudice to its renewal. Petitioner is cautioned that should he renew
18 his motion to stay he must meet the requirements of Rhines v. Weber, 544 U.S. 269, 125 S.Ct.
19 1528 (2005).[3]
20 On the present record, it is not clear whether petitioner wishes to proceed on the
21 amended petition or whether he intends to seek leave to amend to include the claims exhausted in

---

[2] See <http:// appellatecases.courtinfo.ca.gov> (accessed July 26, 2006).

[3] Petitioner must demonstrate that (1) "there was good cause for petitioner's failure to exhaust his claims in state court;" (2) the unexhausted claims are not "plainly meritless;" and (3) "reasonable time limits are placed on a petitioner's trip to state court and back." Id. at 1535. Because a stay and abeyance has the potential to frustrate AEDPA's dual purposes of encouraging finality of state court judgments and creating incentives for petitioners to seek relief in state court first, the Supreme Court also stated that the "stay and abeyance should be available only in limited circumstances." Id. at 1534-35.

1 the August 31, 2005 petition. Accordingly, petitioner will be directed to notify the court, within
2 twenty days, whether he wishes to proceed on his July 25, 2005 amended petition raising only
3 three claims. If, however, petitioner intends to seek leave to file a second amended petition to
4 include claims exhausted in the August 31, 2005 petition before the California Supreme Court,
5 petitioner must file a motion to amend accompanied by a second amended petition. Petitioner is
6 cautioned that he may only include claims he has exhausted in state court.

    For the foregoing reasons, IT IS HEREBY ORDERED that:

    1. Petitioner's December 22, 2005 motion is denied without prejudice; and

    2. Within thirty days from the date of this order, petitioner shall notify the court he wishes to proceed on his July 25, 2005 amended petition, OR petitioner shall file a motion to amend accompanied by a second amended petition.

DATED: August 17, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

soto2122.stay